UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Montris Hall-Drew,

    Petitioner,

v.                                          Criminal Case No. 13-20686
                                           Civil Case No. 16-12658

United States of America,

                                           Sean F. Cox
    Respondent.                      United States District Court Judge

_____/

## OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE SENTENCE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Defendant has filed a *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255. For the reasons below, the Court shall deny Defendant's motion because the one-year limitations period in § 2255(f) has expired. The Court also declines to issue a certificate of appealability.

## BACKGROUND

On May 29, 2014, the Court sentenced Petitioner Montris Hall-Drew to 87 months in prison following his guilty plea to felon in possession of a firearm (Doc. # 23). Relevant to this motion, the plea agreement specified that Petitioner's base offense level was 24 because he had at least two prior convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 2K2.1(a)(2) (Doc. # 13). Specifically, Petitioner had been convicted of two prior controlled substance offenses and one prior crime of violence (unarmed robbery). Petitioner did not appeal.

On July 15, 2016, Petitioner filed this motion to vacate his sentence under 28 U.S.C. § 2255, seeking resentencing based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. # 26). He argued that his sentence was improperly enhanced by a conviction that was no longer a "crime of violence." Petitioner also filed a supplemental brief,

arguing that his prior drug convictions no longer qualified as "controlled substance offenses" in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) (Doc. # 29).

The Court stayed this matter pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (Doc. # 32). Following that decision, the Court ordered Petitioner to show cause why the Court should not deny his § 2255 motion based on *Beckles* (Doc. # 35).

Petitioner has responded and is conspicuously silent on his "crime of violence." Instead, his response solely argues that his prior drug convictions were not "controlled substance offenses" (Doc. # 42). The Government has responded (Doc. # 44). Because "the motion and the files and records of the case conclusively show" that Defendant is entitled to no relief, the Court will decide this motion without an evidentiary hearing. 28 U.S.C. § 2255(b).

## ANALYSIS

A prisoner may move the Court to vacate a sentence under § 2255(a) if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" To prevail, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 958 (6th Cir. 2005). A movant alleging non-constitutional error must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Section 2255 motions are subject to a one-year limitations period. 28 U.S.C. § 2255(f).

This limitations period is triggered by various statutory conditions. Relevant here, the limitations period runs from the latest of "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Petitioner did not file his motion within one year of his judgment of conviction. Convictions become "final" upon conclusion of direct review or, if the defendant fails to appeal, when the period in which the defendant could have appealed expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Here, the Court issued its judgment of sentence on May 29, 2014. Petitioner did not appeal. His subsequent § 2255 motion, filed July 15, 2016, is untimely as it comes over two years after his judgment of conviction and the expiration of the period in which he could have appealed.

The Court must also consider, however, whether later filing of the § 2255 motion is permitted under § 2255(f)(3). Having abandoned his "crime of violence" argument, which is also foreclosed by *Beckles*, 137 S. Ct. at 890 (holding the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause), Petitioner only seeks to vacate his sentence based on the Supreme Court's June 23, 2016 decision in *Mathis*. To show that the one-year limitations period should run from that date, Petitioner must show that *Mathis* recognized a new right that is "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). This he cannot do. *Mathis* "did not announce a new rule of constitutional law made retroactive by the Supreme Court." *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017). Thus, Petitioner is not entitled to a later limitations period under § 2255(f)(3) and his § 2255 motion is time-

barred.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must issue before a petitioner may appeal the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if the petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where the Court has rejected the claim on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484; 120 S. Ct. 1595; 146 L.Ed.2d 542 (2000). The Court finds that Defendant has not made this showing here and declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons above, the Court ORDERS that Defendant's Motion to Vacate Sentence is DENIED. Additionally, the Court declines to issue a certificate of appealability. Finally, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: January 12, 2018          s/Sean F. Cox  
                                                    Sean F. Cox  
                                                    U. S. District Judge

I hereby certify that on January 12, 2018, the foregoing document was served on counsel of record via electronic means and upon Montris Hall-Drew via First Class mail at the address below:

Montris Hall-Drew 48980-039  
OXFORD FEDERAL CORRECTIONAL INSTITUTION  
Inmate Mail/Parcels  
P.O. BOX 1000  
OXFORD, WI 53952

                                                                s/J. McCoy  
                                                                Case Manager